IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DE LOIS PHILLIPS, *individually and as independent executrix of the Estate of Fred Steven Phillips*, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:23-CV-515-RP |
| ETHICON ENDO-SURGERY, INC., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendant Ethicon Endo-Surgery, Inc.'s ("Defendant") motion to dismiss, (Dkt. 21). (R. & R., Dkt. 29). Judge Lane issued his report and recommendation on June 6, 2024. (*Id.*). On June 14, 2024, Plaintiffs filed their Opposed Motion for Entry of Order Incorporating the Magistrate's Recommendation to Dismiss Plaintiffs' Breach of Implied Warranty of Merchantability Without Prejudice. (Mot. Entry, Dkt. 30). A week later, Defendant filed a response in opposition to Plaintiffs' motion, in which it argued that the breach of implied warranty of merchantability claim should be dismissed with prejudice. (Resp. Mot. Entry, Dkt. 31).

In this case, Plaintiffs assert claims for breach of warranty of fitness for a particular purpose and breach of the warranty of merchantability against Defendant. (*See* Am. Compl., Dkt. 16). Plaintiffs allege that Defendant manufactured a surgical stapler and staples that were used during Fred Steven Phillips's surgery. (*Id.*). Plaintiffs allege that Phillips died because of a complication from his surgery and that the surgical stapler and staples used in the surgery were defective. (*Id.*). Defendant moves to dismiss Plaintiffs' claims, arguing that the claims are insufficiently pleaded and that Plaintiffs failed to allege that they provided Defendant with the required pre-suit notice. (*See*

Mot. Dismiss, Dkt. 21). In their response, Plaintiffs oppose the motion to dismiss and alternatively seek leave to amend their amended complaint. (*See* Resp. Mot. Dismiss, Dkt. 22).

In his report and recommendation, Judge Lane recommends granting Defendant's motion to dismiss. (R. & R., Dkt. 29, at 8). As for the claim for breach of warranty of fitness for a particular purpose, Judge Lane found that Plaintiffs had failed to allege that the stapler and staples were used for a non-ordinary purpose, a required element for the claim. (*Id.* at 4, 8). As for the claim for breach of warranty of merchantability, Judge Lane found that Plaintiffs had failed to allege a particular defect in the stapler or staples and had failed to plead that there was more than a "sheer possibility" that the stapler or staples caused Plaintiffs' injuries. (*Id.* at 4–5). Accordingly, Judge Lane recommended that the claim for breach of warranty of merchantability be dismissed as "inadequately pleaded." (*Id.* at 5). Further, Judge Lane found that both claims were barred because Plaintiffs failed to give the required pre-suit notice. (*Id.* at 6–7). Last, Judge Lane addressed Plaintiffs' request to amend their First Amended Complaint. Judge Lane denied Plaintiffs leave to amend because Plaintiffs gave "no notice as to how they would amend their complaint to present cognizable, non-futile claims" and because Plaintiffs had already amended their complaint once and failed to cure the deficiencies in their original complaint. (*Id.* at 8). In his conclusion, Judge Lane recommended that this Court dismiss Plaintiffs' breach of warranty of fitness for a particular purpose claim *with* prejudice and Plaintiffs' breach of the warranty of merchantability *without* prejudice. (*Id.* at 8).

In their Opposed Motion for Entry of Order Incorporating the Magistrate's Recommendation to Dismiss Plaintiffs' Breach of Implied Warranty of Merchantability Without Prejudice, Plaintiffs concede that their breach of warranty of fitness for a particular purpose claim should be dismissed with prejudice. (Mot. Entry, Dkt. 30, at 2). They also agree with Judge Lane that dismissal without prejudice is appropriate for their breach of warranty of merchantability claim. (*Id.*).

In its response to Plaintiffs' motion, Defendant argues that both of Plaintiffs' claims should be dismissed with prejudice. (Resp. Mot. Entry, Dkt. 31). Specifically, Defendant argues that dismissal with prejudice is appropriate for the breach of warranty of merchantability claim because Judge Lane found that this claim was inadequately pleaded and barred for lack of pre-suit notice and because Judge Lane denied Plaintiffs leave to amend their claims due to futility. (*Id.* at 4).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). The Court construes Plaintiffs' motion, (Dkt. 30), and Defendant's response, (Dkt. 31), as objections to the portions of the report and recommendation that discuss the breach of warranty of merchantability claim and the notice issue as to both claims. Accordingly, the Court reviews those portions of the report and recommendation *de novo*. However, because the parties do not object to Judge Lane's recommendation that the breach of warranty of fitness for a particular purpose claim be dismissed with prejudice, the Court reviews the portion of the report and recommendation discussing that claim for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the district court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Finding no clear error, the Court adopts the recommendation to dismiss the breach of warranty of fitness for a particular purpose claim with prejudice.

As for the breach of warranty of merchantability claim, the Court finds that this claim should also be dismissed with prejudice. Upon *de novo* review, the Court agrees with Judge Lane's findings that the breach of warranty of merchantability claim is inadequately pleaded and that both claims are barred for failure to provide pre-suit notice. The Court also supports Judge Lane's decision to deny Plaintiffs leave to amend. Plaintiffs have already had an opportunity to file an amended complaint in

this case. (*See* Am. Compl., Dkt. 16). They filed their amended complaint after Defendants' previous motion to dismiss was fully briefed. (*See* Mot. Dismiss, Dkt. 8).[1] The first motion to dismiss raised substantially the same issues that were the subject of the present motion to dismiss—inadequate pleading of the breach of warranty of merchantability claim and failure to allege pre-suit notice. (*See id.* at 9– 15). Plaintiffs were on notice of the deficiencies in their original complaint when they crafted their amended complaint and yet their amended complaint did not cure these deficiencies. Further, in their response to the motion to dismiss the amended complaint, (Dkt. 22), and in their motion for entry of the report and recommendation, (Dkt. 30), Plaintiffs give no indication of how they would amend their complaint to present a viable, non-futile claim for breach of the warranty of merchantability. Their motion for entry of the report and recommendation focuses solely on the issue of pre-suit notice and does not discuss Plaintiffs' failure to inadequately plead that the stapler and staples were defective.

"A court may appropriately dismiss an action with prejudice," even "without giving an opportunity to amend[,] if it finds the plaintiff allege[d] his best case or if amendment would be futile." *Escamilla v. ADT, LLC*, 2024 WL 2807028, at *2 (W.D. Tex. May 30, 2024) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Bauer v. AGCO Corp.*, 2024 WL 2703019, at *2 (W.D. Tex. May 23, 2024) (same). Given that Plaintiffs have previously had an opportunity to amend their complaint and failed to cure deficiencies present in their original complaint, the Court finds that Plaintiffs have already pleaded their best case. Because they now have failed to explain how they could amend their complaint to present a viable claim for breach of warranty of merchantability, the

[1] Plaintiffs originally filed suit in this case against three defendants: Johnson & Johnson, Ethicon, Inc., and Ethicon Endo-Surgery, Inc. (*See* Compl., Dkt. 1). All three defendants jointly filed the first motion to dismiss Plaintiffs' original complaint. (Dkt. 8). The Court mooted the original defendants' motion to dismiss in light of Plaintiff's amended complaint. (Text Order, Jan. 8, 2024). Then, shortly after filing their first amended complaint, Plaintiffs filed a stipulation of dismissal, dismissing their claims against Johnson & Johnson and Ethicon, Inc., (Dkts. 18, 19), leaving Ethicon Endo-Surgery, Inc. as the sole remaining defendant in this case.

Court finds that amendment of this claim would be futile. Accordingly, the Court denies Plaintiffs' Opposed Motion for Entry of Order Incorporating the Magistrate's Recommendation to Dismiss Plaintiffs' Breach of Implied Warranty of Merchantability Without Prejudice and dismisses the breach of warranty of merchantability claim with prejudice.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (R. & R., Dkt. 29), is **ADOPTED IN PART** in accordance with this order.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, (Dkt. 21), is **GRANTED**. Both of Plaintiffs' claims against Defendant are **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Entry of Order Incorporating the Magistrate's Recommendation to Dismiss Plaintiffs' Breach of Implied Warranty of Merchantability Without Prejudice, (Dkt. 30), is **DENIED**.

The Court will enter final judgment in a separate order.

**SIGNED** on July 11, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE